## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

JOHANY C REYES CARRILLO,

      Plaintiff,

                    Case No.

-vs-

LEXISNEXIS RISK SOLUTIONS INC.,

      Defendant.

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW Plaintiff, JOHANY C REYES CARRILLO (hereinafter "Plaintiff"), by and through her undersigned counsel, for her cause of action against Defendant, LEXISNEXIS RISK SOLUTIONS INC. (hereinafter "LexisNexis"), and in support thereof respectfully alleges violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq. ("FCRA").

## PRELIMINARY STATEMENT

1.    This is an action for actual damages, statutory damages, punitive damages, costs, and attorney's fees brought pursuant to the FCRA.

2.    Consumer reporting agencies that create consumer reports, like LexisNexis, are charged with using reasonable procedures designed to ensure the maximum possible accuracy of the information they report. It is not enough for them

1

to simply parrot information they receive from entities, particularly where a consumer makes a dispute about information reported.

3. When a consumer, like Plaintiff, disputes information through the consumer reporting agencies, those disputes are transmitted to the party furnishing the information. The FCRA demands that each party separately conduct a reasonable investigation of the consumer's dispute and correct or delete information they learn to be inaccurate or cannot otherwise verify.

4. The Consumer Financial Protection Bureau has noted, "experience indicates that [CRAs] lack incentives and under-invest in accuracy" Consumer Fin. Prot. Bureau, Supervisory Highlights Consumer Reporting Special Edition 21 (Issue 14, March 2, 2017).

## JURISDICTION, VENUE, AND PARTIES

5. Jurisdiction for this Court is conferred by 28 U.S.C. § 1331, as this action involves violations of the FCRA.

6. Venue is proper for this Court pursuant to 28 U.S.C. § 1391(b)(2), as this is the judicial district in which a substantial part of the events or omissions giving rise to the claims occurred.

7. Venue is proper in this District as LexisNexis's principal address is in this District; the violations described in this Complaint occurred in this District; and LexisNexis transacts business within this District.

8.      Plaintiff is a natural person and resident of Salt Lake County in the State of Utah. She is a "consumer" as defined by the FCRA.

9.      LexisNexis is a corporation headquartered at 1000 Alderman Drive in Alpharetta, Georgia 30005.

10.     LexisNexis is a "consumer reporting agency" as defined in 15 USC § 1681(f). LexisNexis is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing background reports, as defined in 15 U.S.C. § 1681(d) to third parties.

11.     LexisNexis disburses such consumer reports to third parties under contract for monetary compensation.

## FACTUAL ALLEGATIONS

12.     LexisNexis is one of the largest credit reporting agencies in the United States today.

13.     Upon information and belief, Plaintiff is a victim of identity theft or a mixed file.

14.     In or about May and June 2024, Plaintiff received a toll-by-plate toll enforcement invoice from the Florida Department of Transportation (hereinafter "FDOT") to her home address in Herriman, Utah. The invoice was addressed to "Johany Cristina Reyes Carrillo".

15.    However, Plaintiff does not own a vehicle and does not have a driver's license. Further, Plaintiff does not live in and did not travel to Florida.

16.    On or about June 13, 2024, Plaintiff traveled to Florida and visited a DMV office and was informed that the vehicle referenced in the FDOT invoice was registered to an address in Kissimmee, Florida.

17.    On or about June 17, 2024, Plaintiff filed a police report with the Osceola County Sheriff's Office regarding the fraudulent activity.

18.    On or about July 15, 2024, Plaintiff received a collection notice from non-party, Linebarger Goggan Blair & Sampson, LLP, seeking to collect the erroneous debt on behalf of FDOT.

19.    In or about August 2024, Plaintiff contacted LexisNexis to obtain a copy of her consumer report.

20.    On or about August 26, 2024, Plaintiff received a response from LexisNexis stating it was unable to process her request and requested proof of identification.

21.    On or about September 19, 2024, Plaintiff mailed a detailed written dispute letter to LexisNexis. In the letter, Plaintiff requested a copy of her consumer report. Further, Plaintiff advised that she was a victim of identity theft or mixed file with a "Johany Cristina Reyes Carrillo" located in Kissimmee, Florida. In the letter, Plaintiff included an image of her state identification card, Social Security card, and

apartment lease contract as proof of identity. Additionally, in the letter, Plaintiff included images of the FDOT invoices, images of the collection notice, and images of the police report filed with the Osceola County Sheriff's Office.

22.    Plaintiff mailed her detailed dispute letter to LexisNexis via USPS Certified Mail, tracking number 9500 1152 4038 4263 5076 25.

23.    On or about October 3, 2024, Plaintiff received a copy of two consumer reports from LexisNexis. Upon review, Plaintiff observed a Kissimmee, Florida address under personal information and inquiry records. Further, Plaintiff observed a Kissimmee, Florida address under "Address Characteristics Records". Lastly, Plaintiff observed an insurance policy record as to a 2017 Chevrolet in Florida.

24.    LexisNexis failed to do any independent investigation into Plaintiff's disputes.

25.    LexisNexis never attempted to contact Plaintiff during the alleged investigation.

26.    Due to the continued inaccurate reporting, on or about October 17, 2024, Plaintiff mailed a second detailed dispute written letter to LexisNexis. In the letter, Plaintiff again requested a copy of her consumer report. Further, Plaintiff reiterated that she was a victim of identity theft or mixed file with a "Johany Cristina Reyes Carrillo" located in Kissimmee, Florida. In the letter, Plaintiff included an image of her state identification card, Social Security card, and apartment lease

5

contract as proof of identity. Additionally, in the letter, Plaintiff included images of the erroneous reporting, images of the FDOT invoices, images of the collection notice, and images of the police report filed with the Osceola County Sheriff's Office.

27.    Plaintiff mailed her detailed dispute letter to LexisNexis via USPS Certified Mail, tracking number 9407 1112 0620 5486 7847 66.

28.    As of the filing of this Complaint, Plaintiff has not received any dispute results from LexisNexis regarding her second detailed dispute letter.

29.    Despite Plaintiff's best efforts to have the erroneous reporting corrected, LexisNexis continues to inaccurately report erroneous personal identifying information and insurance policy records in Plaintiff's consumer report. Accordingly, Plaintiff's damages are ongoing as of the filing of this Complaint.

30.    Despite Plaintiff's pleas, LexisNexis has not conducted an actual investigation.

31.    Plaintiff continues to suffer as of the filing of this Complaint with LexisNexis's reluctance to conduct a thorough investigation into her disputes or otherwise make her consumer report accurate.

32.    LexisNexis clearly does not have policies and procedures in place to ensure the maximum possible accuracy of the consumer reports it publishes.

33.     As a result of the inaccurate consumer reporting, Plaintiff has suffered damages, including, but not limited to:

    i.   Monies lost by attempting to fix her consumer file. Plaintiff has suffered actual damages in postage paid, wasted ink and paper, and wasted time;

    ii.   Loss of time attempting to cure the errors;

    iii.   Mental anguish, added stress, aggravation, embarrassment, sleepless nights, and other related impairments to the enjoyment of life; Plaintiff is being physically affected by LexisNexis's reluctance to fix the errors; and

    iv.   Apprehensiveness to apply for housing and credit due to LexisNexis's errors.

## CAUSES OF ACTION

### COUNT I
**Violation of 15 U.S.C. § 1681e(b) as to
Defendant, LexisNexis Risk Solutions Inc. (Negligent)**

34.     Plaintiff re-alleges and incorporates paragraphs one (1) through thirty-three (33) above as if fully stated herein.

35.     LexisNexis violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the

7

preparation of the consumer report and consumer files it published and maintains concerning Plaintiff.

36.    LexisNexis allowed inaccurate information to be reported on Plaintiff's consumer file.

37.    Upon information and belief, LexisNexis allowed for and reported inaccurate information on Plaintiff's consumer file. LexisNexis failed to have policies and procedures to avoid misreporting personal identifying information and insurance policy records.

38.    Upon information and belief, LexisNexis is aware that it has misrepresented information and records on consumers, yet it fails to enforce proper policies and procedures to prevent such errors.

39.    Upon information and belief, LexisNexis prevents its agents from calling consumers (like Plaintiff) during the dispute process or from calling witnesses with knowledge about the dispute.

40.    LexisNexis violated its own policies and procedures by not deleting the inaccurate and erroneous information when Plaintiff provided them with the police report filed with Osceola County Sheriff's Office, which contained sworn testimony of the fraud.

41.    As a direct result of this conduct, action and/or inaction of LexisNexis, Plaintiff suffered damages, including without limitation, loss of time; financial loss;

and mental and emotional pain stemming from the anguish, humiliation, apprehension in applying for housing and credit, and the damages otherwise outlined in this Complaint.

42.     The conduct, action, and/or inaction of LexisNexis was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 USC § 1681o.

43.     Plaintiff is entitled to recover costs and attorney's fees from LexisNexis in an amount to be determined by the Court pursuant to 15 USC § 1681o.

WHEREFORE, Plaintiff, JOHANY C REYES CARRILLO, respectfully requests that this Court award actual damages against Defendant, LEXISNEXIS RISK SOLUTIONS INC.; jointly and severally; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and grant all such additional relief as the Court deems appropriate.

## COUNT II
### Violation of 15 U.S.C. § 1681e(b) as to
### Defendant, LexisNexis Risk Solutions Inc. (Willful)

44.     Plaintiff re-alleges and incorporates paragraphs one (1) through thirty-three (33) above as if fully stated herein.

45.     LexisNexis violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the

preparation of the consumer report and consumer files it published and maintains concerning Plaintiff.

46.   LexisNexis allowed inaccurate information to be reported on Plaintiff's consumer file.

47.   Upon information and belief, LexisNexis allowed for and reported inaccurate information on Plaintiff's consumer file. LexisNexis failed to have policies and procedures to avoid misreporting personal identifying information and insurance policy records.

48.   Upon information and belief, LexisNexis is aware that it has misrepresented information and records on consumers, yet it fails to enforce proper policies and procedures to prevent such errors.

49.   Upon information and belief, LexisNexis prevents its agents from calling consumers (like Plaintiff) during the dispute process or from calling witnesses with knowledge about the dispute.

50.   LexisNexis violated its own policies and procedures by not deleting the inaccurate and erroneous information when Plaintiff provided them with the police report filed with Osceola County Sheriff's Office, which contained sworn testimony of the fraud.

51.   As a direct result of this conduct, action and/or inaction of LexisNexis, Plaintiff suffered damages, including without limitation, loss of time; financial loss;

and mental and emotional pain stemming from the anguish, humiliation, apprehension in applying for housing and credit, and the damages otherwise outlined in this Complaint.

52.    The conduct, action, and/or inaction of LexisNexis was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 USC § 1681n.

53.    Plaintiff is entitled to recover costs and attorney's fees from LexisNexis in an amount to be determined by the Court pursuant to 15 USC § 1681n.

WHEREFORE, Plaintiff, JOHANY C REYES CARRILLO, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, LEXISNEXIS RISK SOLUTIONS INC., jointly and severally; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and grant all such additional relief as the Court deems appropriate.

## COUNT III
### Violation of 15 U.S.C. § 1681i as to
### Defendant, LexisNexis Risk Solutions Inc. (Negligent)

54.    Plaintiff re-alleges and incorporates paragraphs one (1) through thirty-three (33) above as if fully stated herein.

55.    After receiving Plaintiff's disputes, LexisNexis violated 15 U.S.C. § 1681i by: (i) failing to delete inaccurate information in Plaintiff's consumer file after

receiving notice of such inaccuracies; (ii) failing to conduct a lawful and reasonable reinvestigation into Plaintiff's disputes; (iii) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's consumer file; (iv) failing to review and consider all relevant information submitted by Plaintiff in the disputes; and (v) relying upon verification from a source it has to know is unreliable.

56.    Despite the information provided by Plaintiff regarding the inaccurate reporting, LexisNexis refused to conduct any independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher(s).

57.    Plaintiff provided LexisNexis with the information it needed to confirm the records reported were inaccurate. LexisNexis ignored this information and failed to conduct a thorough investigation into her disputes or otherwise make her consumer file accurate.

58.    As a direct result of this conduct, action and/or inaction of LexisNexis, Plaintiff suffered damages, including without limitation, loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, apprehension in applying for housing and credit, and the damages otherwise outlined in this Complaint.

59.    The conduct, action, and/or inaction of LexisNexis was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 USC § 1681o.

60.    Plaintiff is entitled to recover costs and attorney's fees from LexisNexis in an amount to be determined by the Court pursuant to 15 USC § 1681o.

WHEREFORE, Plaintiff, JOHANY C REYES CARRILLO, respectfully requests that this Court award actual damages against Defendant, LEXISNEXIS RISK SOLUTIONS INC., jointly and severally; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and grant all such additional relief as the Court deems appropriate.

## COUNT IV
### Violation of 15 U.S.C. § 1681i as to
### Defendant, LexisNexis Risk Solutions Inc. (Willful)

61.    Plaintiff re-alleges and incorporates paragraphs one (1) through thirty-three (33) above as if fully stated herein.

62.    After receiving Plaintiff's disputes, LexisNexis violated 15 U.S.C. § 1681i by: (i) failing to delete inaccurate information in Plaintiff's consumer file after receiving notice of such inaccuracies; (ii) failing to conduct a lawful and reasonable reinvestigation into Plaintiff's disputes; (iii) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's consumer file; (iv) failing to review and consider all relevant information submitted

13

by Plaintiff in the disputes; and (v) relying upon verification from a source it has to know is unreliable.

63.    Despite the information provided by Plaintiff regarding the inaccurate reporting, LexisNexis refused to conduct any independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher(s).

64.    Plaintiff provided LexisNexis with the information it needed to confirm the records reported were inaccurate. LexisNexis ignored this information and failed to conduct a thorough investigation into her disputes or otherwise make her consumer file accurate.

65.    As a direct result of this conduct, action and/or inaction of LexisNexis, Plaintiff suffered damages, including without limitation, loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, apprehension in applying for housing and credit, and the damages otherwise outlined in this Complaint.

66.    The conduct, action, and/or inaction of LexisNexis was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 USC § 1681n.

67.    Plaintiff is entitled to recover costs and attorney's fees from LexisNexis in an amount to be determined by the Court pursuant to 15 USC § 1681n.

WHEREFORE, Plaintiff, JOHANY C REYES CARRILLO, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, LEXISNEXIS RISK SOLUTIONS INC., jointly and severally; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and grant all such additional relief as the Court deems appropriate.

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff hereby demands a trial by jury of all issues triable by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, JOHANY C REYES CARRILLO, respectfully requests that this Court award judgment for actual, statutory, compensatory, and punitive damages against Defendant, LEXISNEXIS RISK SOLUTIONS INC., jointly and severally; attorneys' fees and costs; prejudgment and post-judgment interest at the judgment rate; and such other relief the Court deems just and proper.

DATED this 22nd day of October 2024.

Respectfully submitted,

**/s/ *Octavio Gomez***
Octavio "Tav" Gomez, Esq.
Florida Bar #: 0338620
Georgia Bar #: 617963
Pennsylvania Bar #: 325066
The Consumer Lawyers PLLC

501 E. Kennedy Blvd, Ste 610
Tampa, Florida 33602
Cell: (813) 299-8537
Facsimile: (844) 951-3933
Tav@theconsumerlawyers.com
*Attorneys for Plaintiff*